White, J.
Tbe decision of tbis case depends upon what constituted tbe cause of action against tbe defendant, and when it accrued. Tbe claim of tbe plaintiff is tbat tbe cause of action consists of a private nuisance caused by tbe excavation made by tbe defendant on lot 1223 when removing tbe coal under bis lease from tbe south half of lot 1222, and tbat tbe cause of action is á continuing one and first accrued when tbe water from tbe abandoned mine flowed over into tbe mine of tbe plaintiff. On tbe other hand, tbe claim of tbe defendant is tbat tbe cause of action consisted of tbe trespass committed in making tbe excavation, and was completed when tbe work was done and tbe mine abandoned. In tbe first place, it may be observed tbat tbis is not a case where tbe defendant has wrongfully entered upon tbe lands of tbe plaintiff and erected and maintained structures thereon. Nor is it a ease where structures have been erected and maintained on tbe lands of tbe defendant or of another, to tbe nuisance or injury of tbe plaintiff’s premises. In these cases tbe wrong may, by tbe lapse of time, ripen into a right under tbe statute of limitations or by prescription. In speaking to this point in Clegg v. Dearden, 12 Ad. & Ellis, N. S. 601, Lord Denman uses tbe following language: “ Tbe gist of tbe action, as stated in tbe declaration, is tbe keeping open and unfilled up an aperture and excavation made by tbe defendant into tbe plaintiff’s mine. By tbe custom, tbe defendant was entitled to excavate up to the boundary of bis mine, without leaving any barrier, and tbe cause of action, therefore, is tbe not filling up the excavation made by him on tbe plaintiffs’ side of tbe boundary and within their mine. It is not, as in tbe case of Holmes v. Wilson, 10 A. & E. 503, a continuing of something wrongfully placed by the defendant upon tbe premises of tbe plaintiff; nor is it a continuing of something placed upon tbe land of a third person to tbe nuisance of tbe plaintiff, as in tbe case of Thompson v. Gibson, 7 Mees. & W. 456. There is a legal *589 obligation to discontinue a trespass or remove a nuisance; but no such obligation upon a trespasser to replace what he has pulled down or destroyed upon the land of another, though he is liable in an action of trespass to compensate in damage for the loss sustained. The defendant, having made an excavation and aperture in the plaintiff’s land, was liable to an action of trespass ; but no cause of action arises from his omitting to reenter the plaintiff’s land and fill up the excavation. Such an omission is neither a continuation of a trespass, nor a nuisance ; nor is it a breach of any legal duty.”
• The defendant in the present case had no estate or interest in lot 1222 further than the right to mine the coal therefrom. This he accomplished in 1862, and surrendered the premises. He had no authority from the owner of the fee, nor from Horton, his immediate lessor, to mine over into lot 1223 ; and at the time of the fiowage of water from the abandoned mine into the mine of the plaintiff, he had for more than five years ceased to have any interest in lot 1222 or any right of entry thereon.
If the claim of the defendant as to what constituted the cause of action is correct, the action clearly cannot be maintained. 1. For the reason that at the time of the commission of the trespass, the plaintiff was not the owner of the land upon which the trespass was committed; ■ and, 2, if he had been such owner, the action would be barred by the statute of limitations.
There is no distinction in the application of the statute of limitations between trespasses under ground and upon the surface ; nor whether the cause of action is known or unknown to the plaintiff within the time limited by the statute. Hawk v. Minnich, 19 Ohio St. 466 ; Hunter v. Gibbons, 1 Hurl. & Nor. 459.
The question therefore is, whether the defendant, in addition to the liability for the trespass, is also liable for creating and continuing a nuisance. If he is so liable a recovery for the trespass would be no bar to subsequent actions for continuing (he nuisance.
In Stephen’s Commentaries (vol. 3, 499), a private nuisance is defined to be “ anything done to the hurt or annoyance of *590 the lands, tenements, or hereditaments of another, and not amounting to a trespass.”
Here the only thing done by the defendant was the mating of the excavation upon the plaintiff’s land, which did amount to a trespass.
Plaintiff’s counsel claim that the action is brought to recover consequential damages resulting from the wrongful acts of the defendant. Be it so. But with what wrongful acts is the defendant chargeable except those constituting the trespass ? We see none. And a recovery for the trespass or the bar of an action brought for it, is a bar to a recovery for the consequences resulting from such trespass. True, this is not the ground upon which the jury were charged, but the error in the charge was in favor of the plaintiff, and is no ground for reversal.

Judgment affirmed.